**In the United States District Court**
**For the District of Maryland**

United States of America                              *

      v.                                                   *                    No.  TDC-22-164

Andrews Oduro Brown
Charmaine Miesha Brown                          *

            *    *    *    *    *    *    *    *    *    *

**Motion to Dismiss Count One of the Indictment**

Count One is a strained attempt to transform three unrelated substantive schemes—two of which would be barred by the statute of limitations—into a single overarching conspiracy. Because the doctrine of duplicity precludes charging multiple conspiracies in one count, Count One should be dismissed.

**Background: The alleged passport frauds**

On April 27, 2022, the grand jury returned a five-count indictment against Andrews Oduro Brown and Charmaine Brown. ECF 1. Count One purports to charge a single conspiracy among Mr. Oduro Brown and Mrs. Brown to commit passport fraud, beginning in December 2014 and continuing until April 2021. According to the indictment, the object of the conspiracy was to "procure United States passports for non-United States citizen family members who were not entitled to such passports through fraudulent means, including the use of false statements and fraudulent identity documents." ECF 1 at 2. In essence, and as made clear by the alleged overt acts, Count One charges four separate schemes involving different objects, documents, and individuals:

1.     **Conspiracy to commit passport fraud to bring Child A into the country** (Overt act 11a., Indictment)**:** The indictment alleges that on or about December 1, 2014, Brown submitted

an application for a U.S. passport in the name of her son, Child C, using a photograph of Child A, Oduro's son, a Ghanaian national close in age to Child C. Child A allegedly used this passport to travel from Ghana to the United States in March of 2015.[1]

**2.** **Conspiracy to commit passport fraud to obtain a passport for use by Individual D** (Overt act 11c, Indictment)**:** The indictment alleges that on or about August 4, 2015, Oduro submitted a passport application in the name of Individual E, with the photograph of Individual D, his sibling who is not a U.S. citizen. The passport was not issued.[2]

**3.** **Conspiracy to commit passport fraud to obtain a U.S. passport for Child B** (Overt act 11d, Indictment)**:** the indictment alleges that in March of 2020, Brown and Oduro applied for a passport for Child B, Oduro's daughter, submitting a Ghanaian birth certificate that falsely stated that Brown was Child B's mother. The government alleges that Child B flew from Ghana to the U.S. on October 6, 2020.[3]

**4.** **Conspiracy to commit passport fraud to obtain a U.S. passport for Child A** (Overt acts 11b & 11e, Indictment)**:**  the indictment alleges that in March of 2016, Brown and Oduro applied for a U.S. passport for Child A in his own name submitting a Ghanaian birth certificate falsely stating that Brown was Child A's mother. According to the indictment, this passport was renewed in April of 2021, again based on the misrepresentation that Brown was Child A's mother.

---

[1] Government's Opposition to Defendant's Motion for Review of Detention Order, ECF 32, at 10.
[2] ECF 32 at 12.
[3] ECF 32 at 11.

**Argument**

I.      **Count One is duplicitous and must be dismissed.**

      **A.  Legal Standard**

"An indictment is duplicitous if it charges two offenses in one count, creating 'the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count.'" *United States v. Robinson*, 855 F.3d 265, 269-70 (4th Cir. 2017) (quoting *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010)). Duplicitous charges risk violating a defendant's Sixth Amendment right to a unanimous jury verdict. *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007). Although a single conspiracy might consist of an agreement to commit multiple offenses, a conspiracy count is impermissibly duplicitous when, rather than alleging multiple objects, it alleges multiple conspiracies. *See, e.g., United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986) ("[i]t is improper to charge a single conspiracy when multiple conspiracies exist . . . ."); *United States v. Allmendinger*, 2011 WL 1157554, at *1 (E.D.V.A. Mar. 7, 2011) ("It is unquestioned that an indictment cannot charge two conspiracies in a single count.").

      **B.  The indictment charges multiple distinct conspiracies in a single count.**

"A single conspiracy exists whether there is one overall agreement or one general business venture." *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988) (internal quotations and citations omitted). Determining whether there is one or multiple conspiracies requires consideration of "the overlap of key actors, methods, and goals." *Id.* (internal citations omitted).

The alleged overt acts and factual allegations underlying Count One make clear that it charges four different conspiracy schemes that, even if true, were not part of the same conspiracy. Notably absent from the indictment is any indication that the various schemes depended on each other for their own success or overlapped in their methods, objects, or goals. The government

attempts to link the freestanding schemes under a broad criminal object—procuring U.S. passports for family members not entitled to them—when in fact they are separate conspiracies.

   **i.**   **Absence of interdependence.** Even assuming that Count One's stated object is sufficiently specific, the charge is still duplicitous because the indictment alleges no interdependence among the schemes. A single conspiracy requires interdependence, meaning that "the activities of alleged co-conspirators in one aspect of the charged scheme are necessary or advantageous to the success of the activities of co-conspirators in another aspect of the charged scheme, or the success of the venture as a whole." *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001). *See also United States v. Harrison*, 942 F.2d 751, 756 (10th Cir. 1991) (explaining that interdependence is the "principal concern" in distinguishing between single and multiple conspiracies); *United States v. Smith*, 86 F.3d 1154 (4th Cir. 1996) (unpublished) (same). Even if Brown and Oduro shared a common goal—committing passport fraud to obtain U.S. passports for non-citizen family members—a showing of interdependence is needed to tie the schemes together. *See United States v. Carnagie*, 533 F.3d 1231, 1239 (10th Cir. 2008) ("This common goal, however, is not by itself enough to establish interdependence: 'What is required is a *shared*, single criminal objective, not just similar or parallel objectives between similarly situated people.'") (emphasis in original) (internal citation omitted).

   The four schemes in the indictment were pursued independently of one another; none depended upon or was advantageous to the success of the others. Each scheme involved different paperwork, different individuals, different time periods, and different aims. The success or failure of Scheme One had no impact on the success or failure of Scheme Two, Three, or Four. Each was pursued and accomplished entirely independently of one another.

ii.       **Different actors, methods, and goals.** Further indication that Count One charges multiple conspiracies are the various actors, methods, and goals involved in each.  Schemes One and Two involve similar alleged means and objectives: the use of U.S. citizen identities and non-citizen photographs in an attempt to obtain U.S. passports for use by the non-citizens. But each involves different U.S. citizen identities and different Ghanaian national photographs, related to the divergent goals and objectives of each scheme. Scheme One was dedicated to bringing Child A, using the identity of Child C. It was completed in 2015 and did not continue. Scheme Two involved using the identity of Individual E for use by Individual D. It was unsuccessful in 2015 and no further attempts toward its objective are alleged. Because Schemes One and Two took place and ended more than five years before the return of the indictment,[4] they would be barred by the statute of limitations if charged as stand-alone conspiracy offenses. 18 U.S.C. § 3282 (five-year statute of limitations); *see United States v. Smith*, 373 F.3d 561, 563 (4th Cir. 2004) ("When an indictment impermissibly joins separate offenses that occurred at different times, prosecution of the earlier acts may be barred by the statute of limitations.") (internal citation omitted).

Schemes Three and Four differ starkly from One and Two, but involve almost identical alleged means and similar objectives as one another: applications for U.S. passports in the names of Oduro's Ghanaian national children, using their actual identities and Ghanaian birth certificates representing that Brown was their mother. Each of these schemes include a series of alleged acts within the statute of limitations.

While the schemes have overlap in terms of the alleged participants—the two defendants, Brown and Oduro—they lack overlap in methods and goals. Each had a different objective, each

---

[4] *See United States v. McKinney,* 954 F.2d 471, 475 (7th Cir. 1992) ("A conspiracy ends when its central criminal purpose has been accomplished."); *United States v. Roshko*, 969 F.2d 1, 7 (2d. Cir. 1992) ("a conspiracy continues until its aim has been achieved, it has been abandoned, or otherwise terminated.") (internal quotation and citation omitted).

occurred at a different time, each involved different methods. These factors point to one conclusion—Count One charges multiple distinct conspiracies.

### C. Dismissal is the appropriate remedy.

Because Count One charges multiple conspiracies, it is duplicitous and should be dismissed. "Where an Indictment or information contains a duplicitous count, the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue." *United States v. Pleasant*, 125 F. Supp. 2d 173, 176 (E.D.V.A. 2000). Under certain circumstances, courts have remedied duplicity by ordering the government to seek from the grand jury a new indictment that is not duplicitous. *See United States v. Marlinga*, 2005 WL 513494 (E.D. Mich. Feb. 28, 2005) (granting Motion to Reformulate Count One as Duplicitous, and ordering government to charge conspiracies in separate indictments). In general, the Court has discretion to fashion relief "according to the particular harm or harms to be avoided" in a particular case. *United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001).

Here, duplicity cannot be remedied by a jury instruction or a new indictment. Dismissal is the only remedy that will protect Mr. Oduro and Mrs. Brown's Sixth Amendment right to jury unanimity from being compromised. If Count One were tried as pleaded, a jury could potentially convict Mr. Oduro and Mrs. Brown without unanimity, by spreading their votes among the multiple schemes contained within Count One.

Alternatively, if the Court is not inclined to dismiss Count One, the Court should strike Schemes One and Two from the indictment. Those conspiracies are outside the statute of limitations and wholly unrelated to alleged Schemes Three and Four, which deal entirely with supposedly fraudulently-used Ghanaian birth certificates. The object of the conspiracy in Scheme One was completed in 2015. A conspiracy ends "when its central purpose has been accomplished."

*United Med. & Surgical Supply Corp.,* 989 F.2d 1390, 1399 (4th Cir. 1993) (internal quotation and citation omitted). Scheme Two's conspiracy terminated when the government rejected the passport application, also outside the statute of limitations. These two schemes should be eliminated from the indictment and the government should be barred from attempting to include them in any new indictment.

### Conclusion

Mrs. Brown and Mr. Oduro move to dismiss Count One as duplicitous for the reasons articulated above. They ask the Court to stay the briefing schedule on this motion for 60 days to enable the parties an opportunity to engage in plea negotiations without requiring the government to respond to this motion at this time. Discovery is not yet complete, it is voluminous, and the parties request additional time to receive and review the evidence before foreclosing negotiations.

Respectfully submitted,

James Wyda
Federal Public Defender

_____/s/_____
Ellie C. Marranzini, #817525
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770-4510
(301) 344-0600
(301) 344-0019 (fax)
Email: ellie_marranzini@fd.org

_____/s/_____
STEVEN F. WROBEL
Fed Bar No. 24985
Law Office of Steven Wrobel, LLC
107 Ridgely Ave., Suite 9

7

Annapolis, MD 21401
(410) 547-2417
FAX (410) 268-5616
steven@stevenwrobel.com